IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH J. HOGARTH,                )
                                   )
                   Plaintiff,      )
                                   )
v.                                 )   Case No. 20-1082-JWL
                                   )
KANSAS & OKLAHOMA                  )
RAILROAD L.L.C.,                   )
                                   )
                   Defendant.      )
                                   )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's partial motion to dismiss (Doc. # 6). For the reasons set forth below, the motion is **granted in part and denied in part**. The motion is granted with respect to plaintiff's claim to the extent based on a violation of the Locomotive Inspection Act, and any such claim is hereby dismissed. The motion is otherwise denied.

The Court will dismiss a cause of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550

U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

In his complaint, plaintiff alleges that he was employed by defendant railroad as a Locomotive Mechanic/Electrician; and that he was injured while performing work to repair a locomotive that had malfunctioned. In Count I, plaintiff asserts a claim for negligence under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60, based on various alleged acts of negligence. In Count II, plaintiff asserts a claim for violation of the Locomotive Inspection Act (LIA), 49 U.S.C. § 20701, and corresponding regulations.

FELA provides for a railroad's liability to an employee injured by the railroad's negligence, while doing away with several common-law tort defenses. *See Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1282-83 (10th Cir. 2018). LIA makes it unlawful for a railroad to use a locomotive that is not safe to operate. *See id.* at 1283 (citing 49 U.S.C. § 20701(1)). In *Straub*, the Tenth Circuit described the relationship between the two statutes as follows:

> LIA is an amendment to FELA and the two statutes are to be construed together. . . .
>
> LIA does not create a private right of action. A railroad employee injured due to a LIA violation brings an action through FELA; a LIA violation substitutes for "negligence" in 45 U.S.C. § 51 and creates strict liability.

*See id.* at 1283-84 (citations omitted) (citing *Urie v. Thompson*, 337 U.S. 163, 188-89 (1949)). Thus, in this case, plaintiff has asserted a single claim under FELA, and he bases that claim in part on violations of LIA.

Defendant seeks dismissal of plaintiff's claim to the extent based on a violation of LIA. LIA provides that a railroad may "use or allowed to be used" a locomotive on its line only when safe to operate and when inspected as required. *See* 49 U.S.C. § 20701. Defendant notes that plaintiff has alleged that he was injured while working on the repair of a locomotive that had previously malfunctioned, and it argues that plaintiff has thus not alleged a plausible claim that he was injured while the locomotive was "in use".

In response, plaintiff does not argue or cite any authority to suggest that a locomotive under repair is "in use" for purposes of the LIA. Plaintiff cites only a statement by the Fourth Circuit that determining whether a train is "in use" is not necessarily a straightforward exercise, s*ee Deans v. CSX Transp., Inc.*, 152 F.3d 326, 329 (4th Cir. 1998), and he argues that therefore the issue should not be decided at this early stage of the litigation. That case actually favors defendant, however, as the court, in holding that the train at issue was "in use" at the time of the plaintiff's injury, noted that the plaintiff had been charged with putting the train in motion and was not involved in the repair or maintenance of the train. *See id.* at 330.

The Tenth Circuit addressed this issue is *Estes v. Southern Pacific Transportation Co.*, 598 F.2d 1195 (10th Cir. 1979).[1] In that case, the plaintiff had been injured while moving a locomotive from a service track. *See id.* at 1196. The Tenth Circuit held that the

---

[1] In *Estes*, the court addressed the "in use" requirement under the Boiler Inspection Act (BIA), the predecessor to LIA. *See Estes*, 598 F.2d 1195. Because the provisions of BIA were carried forward in LIA without substantive change, the Tenth Circuit has held that cases involving BIA are equally applicable and precedential in deciding cases under LIA. *See Straub*, 909 F.3d at 1283 n.2.

locomotive was not "in use" at the time of the injury for purposes of this statutory requirement because the locomotive was not engaged in moving interstate or foreign traffic at that time. *See id.* at 1198-99. In support of that holding, the Tenth Circuit cited with approval courts that had held that a locomotive in a location for service or repair was not "in use". *See id.* (citing cases). Thus, under Tenth Circuit precedent, a locomotive is not "in use" as required for LIA violation when the locomotive is not engaged in moving traffic but is merely being repaired.

In this case, plaintiff has alleged that he was injured while working on the locomotive to remove defective parts after the locomotive had malfunctioned. Plaintiff argues that he has alleged that the locomotive was "in-use" in his complaint, and that such allegation should be sufficient. In fact, plaintiff has alleged that the locomotive was "in-use" when it experienced the malfunction; he has not alleged that he was injured while it was in use, as required for a violation of LIA. Plaintiff has alleged that he was injured after the locomotive had already broken down, while he was removing engine parts. Thus, plaintiff has not stated a plausible claim of an injury occurring while the locomotive was in use. Accordingly, the Court dismisses plaintiff's claim to the extent based on a violation of LIA, and defendant's motion is granted to that extent.

Defendant also argues that if any claim based on a violation of LIA is dismissed, the Court should also dismiss plaintiff's FELA claim to the extent based on three particular alleged acts of negligence, as alleged in subparagraphs 11(j), 11(k), and 11(*l*) of Count I. Defendant argues that by these allegations plaintiff has improperly attempted to evade LIA's requirements by alleging negligent acts concerning the safe operation of a

locomotive.  In making this argument, defendant cites only *Napier v. Atlantic Coast Line Railroad Co.*, 272 U.S. 605 (1926), in which the Supreme Court held that the Boiler Inspection Act, LIA's predecessor, occupied the field and preempted certain state law causes of action.  *See id.*  In *Kurns v. Railroad Friction Products Corp.*, 565 U.S. 625 (2012), the Supreme Court reaffirmed *Napier*, holding that LIA occupies the field of regulating locomotive equipment and preempts state-law causes of action within that field.  *See id.* at 634.  Thus, defendant essentially argues that LIA preempts plaintiff's claim to the extent based on the three particular alleged acts.

The Court concludes that plaintiff's negligence theories are not ripe for dismissal on this basis at this time.  *Napier* and *Kurns* involved the preemption of state-law claims, but plaintiff has asserted his negligence-based claims under federal law (FELA).  Defendant has not addressed this distinction; nor has defendant cited any authority for the dismissal of FELA claims based on preemption by LIA.  Consideration of the issue of preemption would therefore require further briefing.  Plaintiff has asserted a single claim under FELA, and the particular bases and theories underlying that claim may be addressed at summary judgment within the context of the particular facts of this case.  Accordingly, the court denies defendant's motion to the extent based on the issue of preemption.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's partial motion to dismiss (Doc. # 6) is hereby **granted in part and denied in part**.  The motion is granted with respect to plaintiff's claim to the extent based on a violation of the

Locomotive Inspection Act, and any such claim is hereby dismissed. The motion is otherwise denied.

IT IS SO ORDERED.

Dated this 6th day of July, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge
